**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.: _____**

JEAN   EMMANUEL   PIERRE-LOUIS,
individually,    and    EVENS    HILAIRE,
individually,   and   on   behalf   of   all   other
similarly situated individuals,

      Plaintiffs,

vs.

SP   PLUS   CORPORATION,   a   Delaware
corporation,   and   BAGGAGE   AIRLINE
GUEST   SERVICES,   INC.,   a   Florida
corporation doing business as BAGS,

      Defendants.

_____

**COMPLAINT**

Plaintiffs, JEAN EMMANUEL PIERRE-LOUIS and EVENS HILAIRE (hereinafter "Plaintiffs"), individually, and on behalf of all similarly situated individuals, sue Defendants SP PLUS CORPORATION, a Delaware corporation (hereinafter "SP PLUS"), and BAGGAGE AIRLINE GUEST SERVICES, INC., a Florida corporation doing business as BAGS (hereinafter "BAGS"), (hereinafter referred to collectively as "Defendants"), and allege as follows:

**NATURE OF THE ACTION**

1.      This action is brought individually and as a collective action for unpaid overtime compensation, for liquidated damages, attorney's fees, and costs, and for any other relief available under the Fair Labor Standards Act, as amended, 29 U.S.C.A § 201 *et seq.* (hereinafter referred to as "the FLSA"), as well as attorneys' fees and costs under Section 448.08, Florida Statutes.

P a g e | **1**
**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

## PARTIES, JURISDICTION & VENUE

2.      Plaintiff, JEAN EMMANUEL PIERRE-LOUIS, is *sui juris* and a resident of Broward County, Florida, and the Southern District of Florida for the United States District Court. He was an employee of the Defendants.

3.      Plaintiff, EVENS HILAIRE, is *sui juris* and a resident of Broward County, Florida, and the Southern District of Florida for the United States District Court.  He was an employee of the Defendants.

4.      Defendant SP PLUS is a Delaware profit corporation and at all times material hereto has been authorized to conduct business in Florida.  At all times material hereto, SP PLUS has been conducting business at the Ft. Lauderdale-Hollywood International Airport, which is located in the Southern District of Florida for the United States District Court.

5.      Defendant BAGS is a Florida profit corporation. At all times material hereto, the principal place of business of BAGS is 6751 Forum Drive, Suite 200, Orlando, Florida 32821.  At all times material hereto, BAGS has been conducting business at the Ft. Lauderdale-Hollywood International Airport, which is located in the Southern District of Florida for the United States District Court.

6.      Defendants, jointly and severally, were Plaintiffs' (and the putative class') direct employers, joint employers and/or co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. § 203(d).  All Defendants employed Plaintiffs and others similarly situated.

7.      Jurisdiction of the action is conferred on this court by section 16(b) of the FLSA (29 U.S.C. § 216(b)), and by the provisions of 28 U.S.C. § 1337, relating to any civil action or proceeding arising under any Act of Congress regulating commerce.

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

8.      Venue is proper in this Court because the unlawful employment practices complained of herein were committed within the Southern District of Florida of the United States District Court.

9.      Defendants have at all times material hereto operated an organization that engaged in interstate commerce in the course of their transporting airlines passengers, as well as marketing goods and services to customers throughout the United States, soliciting and obtaining funds from non-Florida sources, using telephonic transmissions over state lines to do business, transmitting funds outside of Florida, and otherwise engaging in interstate commerce.  Defendants' business activities involve those to which the FLSA applies.

10.      Defendants' annual gross revenues derived from the interstate commerce are believed to be in excess of $500,000.00 for each year of the relevant FLSA statute of limitations, and otherwise satisfies the FLSA's coverage requirements.

11.      Plaintiffs' work for Defendants was actually in or so closely related to the movement of commerce while they worked for Defendants that the FLSA applies to Plaintiffs' work for Defendants.

### GENERAL ALLEGATIONS

12.      During all times material hereto, Plaintiffs were employed as wheelchair attendants, transporting airline passengers on behalf of Defendants at the Ft. Lauderdale-Hollywood International Airport.

13.      Plaintiffs worked for Defendants during the relevant limitations period, transporting customers on behalf of Defendants.

14.      At all times material to this Complaint, Plaintiffs were a non-exempt employees for purposes of the FLSA.

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

15.     While working for Defendants, Plaintiffs were hourly, non-exempt employees of Defendants, who earned but did not receive, overtime wages calculated at time and one-half their regular rate of pay for all time they spent working over forty (40) hours per week from Defendants.

16.     During the time period material hereto, Defendants paid Plaintiffs an hourly rate ranging from  $12.63 to $14.90 per hour, and they were not paid an overtime rate for all hours worked in excess of forty (40) hours per week.

17.     Plaintiffs and all other similarly situated persons are or were covered individuals within the meaning of the FLSA.

18.     Among other things, Defendants did not allow Plaintiffs to take lunch breaks, and were aware that Plaintiffs were not taking lunch breaks, but a 30-minute lunch break was auto-deducted during each shift Plaintiffs worked for Defendants, resulting in the loss of anywhere between 2 to 3 hours of time deducted from Plaintiffs' (and the putative class') pay each week.

19.     Such deducted hours would regularly have been paid as overtime hours because they required Plaintiffs to exceed forty (40) hours per week.

20.     Therefore, Defendants failed and refused to pay Plaintiffs and its other wheelchair attendants/employees proper overtime wages calculated at time and one-half of their regular rate for all hours worked over forty (40) hours in a given workweek.

21.     To the extent that records exist regarding the exact dates and times of Plaintiffs' employment, such records are in the exclusive possession of Defendants.

22.     All conditions precedent to the bringing and maintenance of this action have either occurred, been excused, or otherwise waived.

23.     Plaintiffs have retained undersigned counsel and agreed to pay them reasonable attorneys' fees and costs.

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

24.     The additional persons who may become Plaintiffs in this action are all current and former employees of Defendants who are, and who were, subjected to the payroll practices and procedures of Defendants and who were not paid overtime wages as described above. These additional persons are readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiffs.

## COUNT I

### (Unpaid Overtime under the FLSA as to All Defendants)

25.     Plaintiffs re-allege and reincorporate paragraphs 1 through 24, as though fully set forth herein.

26.     Plaintiffs allege that, pursuant to the FLSA, they are entitled to recover from Defendants: (1) unpaid overtime compensation; (2) liquidated damages; (3) prejudgment and post judgment interest; and (4) attorneys' fees and costs.

27.     At all relevant times, Defendants employed Plaintiffs and all other similarly situated current and former employee/wheelchair attendants within the meaning of the FLSA.

28.     At all relevant times, the work performed by Plaintiffs and all other similarly situated current and former employees/ wheelchair attendants was directly essential to the business operated by Defendants.

29.     While working for Defendants, Plaintiffs and all other similarly situated current and former employees/ wheelchair attendants were entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

P a g e | 5
**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

30.     As a result of the auto-deduction policy referenced above, Defendants did not pay Plaintiffs and all other similarly situated current and former employees/wheelchair attendants time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

31.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and all other similarly situated current and former employees/wheelchair attendants their lawfully earned overtime wages in direct contravention of the FLSA.

32.     As a result of the auto-deduction policy referenced above, Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and all other similarly situated current and former employees/wheelchair attendants the FLSA overtime rate of time and one-half, in direct violation of the FLSA and the supporting federal regulations.

33.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs and all other similarly situated current and former employees/wheelchair attendants overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per week, which violated and continues to violate the FLSA.

34.     Defendants knowingly, and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and all other similarly situated current and former employees/wheelchair attendants the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and would financially injure Plaintiffs.

35.     At all relevant times during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient time records.

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

36.     As a result of Defendants' failure to properly record, report, credit and/or compensate Plaintiffs and all other similarly situated current and former employees/ wheelchair attendants, Defendants have failed to make, keep and preserve records sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

37.     Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA, and Defendants failed to conspicuously post the notice required by 29 C.F.R. § 516.4.

38.     As a direct and proximate result of Defendants' intentional, willful and unlawful acts, and willful disregard of the FLSA, Plaintiffs and all other similarly situated current and former employees/wheelchair attendants are entitled to liquidated damages pursuant to the FLSA.

39.     Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b), as well as under Fla. Stat. § 448.08.

WHEREFORE, Plaintiffs, JEAN EMMANUEL PIERRE-LOUIS and EVENS HILAIRE, respectfully request that this Court enter judgment against the Defendants, jointly and severally, as follows:

a) That the Court certify the instant suit as an opt-in collective action under 29 U.S.C. §216(b) for all similarly situated current and former employees/wheelchair attendants of Defendants who elect to join these proceedings;

b) A declaratory judgment that the practices complained of are unlawful under the FLSA;

c) An award of unpaid overtime wages due under the FLSA to Plaintiffs and all other similarly situated current and former employees/wheelchair attendants who join this action;

d) An award of liquidated damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to the FLSA to Plaintiffs and all other similarly situated current and former employees/wheelchair attendants who join this action;

e) An award of prejudgment and post judgment interest to Plaintiffs and all other similarly situated current and former employees/wheelchair attendants who join this action;

f) An award of reasonable attorneys' fees, costs and expenses associated with this action to Plaintiffs and all other similarly situated current and former employees/wheelchair attendants who join this action; and,

g) Such other and further relief as this court determines to be just and proper.

## JURY TRIAL

Plaintiffs demand a jury trial for all issues raised in this Complaint triable as a matter of right.

Respectfully submitted,

**THE ALDERMAN LAW FIRM**
*Counsel for Plaintiffs*
9999 NE 2nd Avenue, Suite 211
Miami Shores, Florida 33138
Telephone: 305-200-5473
Facsimile: 305-200-5474
Email:      kjohnson@thealdermanlawfirm.com
                jalderman@thealdermanlawfirm.com

By: */s/ Kristy M. Johnson*
      Kristy M. Johnson
      Florida Bar No. 144282
      Jason R. Alderman
      Florida Bar No. 172375

P a g e | **8**
**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474